UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAHIRA AHMED,<br><br>                    Plaintiff,<br><br>      -against-<br><br>MERCK & CO,<br><br>                    Defendant. | 23-CV-10757 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this civil action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Individuals with Disabilities Education Act ("IDEA"). She alleges that the record of her 2011 Gardasil vaccination is a forgery and she "does not know what she was injected with." (ECF 1, at 5.) She names as Defendant Merck, a New Jersey pharmaceutical company.

By order dated December 14, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint for failure to state a claim, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. On November 4, 2011, at the Fashion Institute of Technology ("FIT"), in New York County, Plaintiff received the first round of the Gardasil vaccine. On March 4, 2011, Plaintiff received the second round of the vaccine, also at FIT.[1] Plaintiff signed a consent form on March 24, 2011, which lists the lot number manufacturer for both rounds: the first round lot number is 0575X and the second round lot number is 0337Z.

---

[1] Both the complaint and an attachment date Plaintiff's first round as occurring on March 4, 2011, and the second round as occurring on November 4, 2011. (*See* ECF 1, at 5, 11.) Other information in the attachment suggests, however, that Plaintiff received the first round on November 4, 2010, but the individual completing the form in 2011 erroneously listed the date as November 4, 2011.

Plaintiff alleges that the second round lot number "obscures the handwritten index number for 'Vaccine 1.'"[2] (ECF 1, at 9.) The consent form indicates that Plaintiff was 31 years old at the time she received her second round of the vaccine.

Plaintiff asserts that "[t]he New York City Department of Vaccines and Immunizations has no record of these vaccinations . . . [and] [t]he record indicates an obvious forgery." (*Id.*) Plaintiff states that she therefore "does not know what she was injected with," and consequently, [t]he forging of [her] vaccine form put the plaintiff's health at risk and represents a heinous crime committed against the plaintiff, endangering her life." (*Id.*) She seeks money damages in the amount of $163,000,000.

Plaintiff names as a Defendant Merck, which she describes as the "first defendant." (*Id.* at 5.) Plaintiff does not name FIT or state whether she was employed at FIT, a student at the school, or how she was otherwise affiliated with FIT, when she received the Gardasil vaccine.

## DISCUSSION

### A.     Claims Against Merck

Plaintiff does not state a claim against Merck under federal or state law, and it is not clear why Plaintiff named Merck as a defendant, except that the pharmaceutical manufacturer created Gardasil. Because Merck did not administer Gardasil to Plaintiff, and she does not allege any harm from the vaccine or indicate that a Merck representative was present when she was vaccinated, it does not appear that she can state a claim against Merck. The Court therefore dismisses the claims against Merck for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. Should Plaintiff bring claims

---

[2] The sticker partially covers the number, but the number appears to be 0575X.

against Merck, she must plead facts suggesting that the pharmaceutical company violated her rights and owes her the relief she is seeking.

**B.     Claims Against FIT**

Because Plaintiff alleges that she received the Gardasil vaccine at FIT, indicates that she may be seeking relief from other defendants, and invokes federal anti-discrimination laws, the Court construes the complaint as asserting claims against FIT and grants Plaintiff 30 days' leave to add FIT as a defendant and state facts in support of her claims against the school. If Plaintiff seeks relief from FIT under Title VII, she must state facts suggesting that she was employed at FIT and how FIT discriminated against her.[3] If Plaintiff is asserting that FIT discriminated against her based on a disability, she must describe the nature of her disability and how FIT discriminated against her.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

---

[3] Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

additional facts to state a valid claim against Merck and/or FIT, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 29, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge